### 13430.  LUKE, for use, etc., *v.* COOK *et al.*

BELL, J. 1. The motion of the defendants in error to dismiss the bill of exceptions is denied.

2. It appeared from the evidence, without dispute, that the property sued for in trover had been purchased by the defendants at a constable's sale under an execution which had been issued upon a judgment in all respects valid, against both the plaintiff and her husband. Apparently to avoid the effect of this judgment, the plaintiff introduced a " pony homestead " procured by her husband upon certain property of the general nature of that for which she sued, but there was no evidence whatever identifying the property sued for as being any of the property included in the homestead; moreover, the evidence of the plaintiff herself showed that the title to the property had never been in the husband, but that she procured the same from another. *Held*: Whether the property was sufficiently identified as that described in the homestead or not, it could not be affected thereby, for the reason that a husband cannot take a homestead in the property of his wife; and, inasmuch as the wife was a joint and several debtor with her husband in the judgment and execution, the sale of the property thereunder conveyed a good title to the purchasers. The evidence demanded a finding in favor of the defendants. The direction of such a verdict accordingly will not be reversed.

Judgment affirmed. <i>Jenkins, P. J., and Stephens, J., concur.</i>

DECIDED FEBRUARY 9, 1923.

Trover; from city court of Nashville — Judge W. R. Smith, February 13, 1922.

*Story & Story, Elsie Higgs Griner,* for plaintiff.

*John Henry Poole,* for defendants.